UNITED STATES BANKRUPTCY
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: | : CHAPTER 7 |
| WALNUT HILL, INC., | : CASE NO. 16-20960(JJT) |
| DEBTOR | : |

BONNIE C. MANGAN, TRUSTEE ,

                PLAINTIFF    :  ADV. PROCEEDING
                                                NO. 18-02025

RICHARD PLATSCHEK, SOLOMON
ABRAMCZYK, BENJAMIN LANDA,  :
WALNUT HILL MANAGEMENT
COMPANY, LLC, TYTY, LLC AND
PEARL STAFFING, INC.
              DEFENDANTS :  AUGUST 29, 2018

## ANSWER AND SPECIAL DEFENSES
## OF DEFENDANT'S TYTY, LLC, PEARL STAFFING, INC.
## AND SOLOMON ABRAMCZYK

### JURIDISDICTION, VENUE AND NATURE OF THIS PROCEEDING

1.-13. Admitted

14.-15. The Defendants, TYTY, LLC, Pearl Staffing, Inc. and Solomon Abramczyk have insufficient information to respond to this allegation and leave the Plaintiff to its proof.

17. Admitted

18. The Defendants, TYTY, LLC, Pearl Staffing, Inc. and Solomon Abramczyk have insufficient information to respond to this allegation and leave the Plaintiff to its proof.

19-20. Admitted

21-23. The Defendants, TYTY, LLC, Pearl Staffing, Inc. and Solomon Abramczyk have insufficient information to respond to this allegation and leave the Plaintiff to its proof.

24-25. Admitted

26-30. The Defendants, TYTY, LLC, Pearl Staffing, Inc. and Solomon Abramczyk have insufficient information to respond to this allegation and leave the Plaintiff to its proof.

31. The Defendants Pearl Staffing, Inc., TYTY, LLC and Solomon Abramczyk admit that Abramczyk formed TYTY, LLC on January 15, 2013. As to the remainder of the allegation, the Defendants leaves the Plaintiff to its proof.

32. The Defendants, TYTY, LLC, Pearl Staffing, Inc. and Solomon Abramczyk have insufficient information to respond to this allegation and leave the Plaintiff to its proof.

33. The Defendant TYTY, LLC, Pearl Staffing, Inc. and Solomon Abramczyk admit that TYTY, LLC processed various payments at the direction of WHMC and/or the debtor, as to the remainder of the allegations, the Defendants have insufficient information to respond and leave the Plaintiff to its proof.

34. Denied

35-36 The Defendants, TYTY, LLC, Pearl Staffing, Inc. and Solomon Abramczyk have insufficient information to respond to this allegation and leave the Plaintiff to its proof.

37. The Defendant TYTY, LLC, Pearl Staffing, Inc. and Solomon Abramczyk admit that TYTY, LLC processed various payments at the direction of WHMC and/or the debtor, as to the remainder of the allegations, the Defendants have insufficient information to respond and leave the Plaintiff to its proof.

38. Denied.

39. The Defendants admit that Abramczyk formed Pearl Staffing, Inc. on February 7, 2013. The Defendant has insufficient information to respond to the balance of the allegations in this paragraph and leaves the Plaintiff to its proof.

40. Admitted

41. The Defendants admit that the debtor's employees were hired by Pearl Staffing, Inc. or that Pearl Staffing, Inc. subcontracted with the debtor for the preparation and processing for payroll and records regarding taxes related thereto. As to the remainder of the allegation, the Defendants leave the Plaintiff to its proof.

42. Denied

43. The Defendants, TYTY, LLC, Pearl Staffing, Inc. and Solomon Abramczyk have insufficient information to respond to this allegation and leave the Plaintiff to its proof.

44. Denied

45. The Defendants that they were not justly due the payments they received. As to the remainder of the allegation, the Defendants leave the Plaintiff to its proof.

46-57. The Defendants have insufficient information to respond to this allegation and leaves the Plaintiff to its proof.

58. Denied

59. Admitted

60-64. Denied

**COUNT ONE-BREACH OF CONTRACT (WHMC AND PLATSHEK)**

65-69. The Defendants, TYTY, LLC, Pearl Staffing, LLC and Solomon Abramczyk do not respond to Count One as it is not directed to said Defendants. To the extent that these allegations are incorporated by referenced against these defendants, these defendants leave the Plaintiff to its proof.

**COUNT TWO-INTENTIONAL FRAUDULENT TRANSFER (11 U.S.C. SECTION 548(1)(a)(A), 550 and 551 (WHMC)**

70-76. The Defendants Pearl Staffing, LLC, TYTY, LLC and Solomon Abramczyk do not respond to said allegations as they are not directed to said entities or the individual. To the extent that these allegations are incorporated by referenced against these defendants, these defendants leave the Plaintiff to its proof.

**COUNT THREE-INTENTIONAL FRAUDULENT TRANSFER (11 U.S.C. SECTION 548(1)(a)(A), 550 and 551 (TYTY AND ABRAMCZYK)**

77. The Defendants hereby incorporate all preceding answers to paragraphs as if fully re-alleged herein.

78. The Defendants admit that it received payments from the debtor but specifically denies that payments were transfers within the meaning of 11 U.S.C. Sections 548(a)(1)(A), 550 and 551.

79. Admitted that TYTY, LLC received said payments. The remainder of the allegations are denied.

80. TYTY, LLC, Abramczyk and Pearl Staffing, Inc. do not respond to the allegations addressed as against WHMC and Platschek. As to the portions of this allegation directed to said defendants, the defendants deny that said transfers were within the meaning of 11 U.S.C. Sections 548(a)(1)(A), 550 and 551

81. Denied

82. Denied

83. Denied.

**COUNT FOUR-INTENTIONAL FRAUDULENT TRANSFER 11 U.S.C. Section 548(a)(1)(A), 550 and 551 (PEARL STAFFING AND ABRAMCZYK)**

84. The Defendants hereby incorporate all answers made to all preceding paragraphs as if fully re-alleged herein.

85. The Defendants admit that it received various payments within two years of the petition date as alleged in the Complaint. The Defendants specifically deny that said payments were made within the meaning of the fraudulent transfer as described by 11 U.S.C. Sections 548(a)(1)(A), 550 and 551.

86. The Defendants admit that it received said payments. The Defendants specifically deny that he received said payments.

87. The Defendants have insufficient information to respond to said allegations and leave the Plaintiff to its proof.

88-89. Denied

**COUNT FIVE-CONSTRUCTIVE FRAUDULENT TRANSFER 11 U.S.C. Section 548(a)(1)(A) (WHMC and PATSHEK)**

91-98. The Defendant, TYTY, LLC, Pearl Staffing, Inc. and Solomon Abramczyk do not respond to this allegation as it is not directed at any of said Defendants. As such, the Defendants leave the Plaintiff to its proof.

**COUNT SIX-CONSTRUCTIVE FRAUDULENT TRANSFER 11 U.S.C. Section 548(a)(1)(A) (TYTY and ABRAMCZYK)**

99. The Defendants hereby incorporate all answers made to all preceding paragraphs as if fully re-alleged herein. .

100. TYTY, LLC admits to receiving payments within the two years prior to the petition date. The Defendants deny that the remainder of the allegations including that said payments were fraudulent transfers within the meaning of 11 U.S.C. Section 548(a)(1)(A)

101. Denied

102. The Defendants have insufficient information to respond to this allegation and leave the Plaintiff to its proof.

103 The Defendants have insufficient information to respond to this allegation and leave the Plaintiff to its proof.

104. The Defendants have insufficient information to respond to this allegation and leave the Plaintiff to its proof.

105. Denied.

106. Denied.

## COUNT SEVEN-CONSTRUCTIVE FRAUDULENT TRANSFER 11 U.S.C. SECTION 548(a)(1)(A) 550 and 551 (PEARL STAFFING AND ABRAMCZYK)

107. The Defendants hereby incorporate all answers made to all preceding paragraphs as if fully re-alleged herein.

108. The Defendants admit that Pearl Staffing received payments within the two years prior to the bankruptcy petition date. The remainder of the allegation is denied.

109. Denied

110. The Defendants have insufficient information to respond to this allegation and leave the Plaintiff to its proof.

111. The Defendants have insufficient information to respond to this allegation and leave the Plaintiff to its proof.

112. The Defendants have insufficient information to respond to this allegation and leave the Plaintiff to its proof.

113. Denied

114. Denied

## COUNT EIGHT-CUFTA INTENTIONAL FRAUDULENT TRANSFER 11 U.S.C. SECTION 544(b)(1), 550(a) AND 551 AND CONN. GEN. STAT. SECTION 52-552e(a)(1) AND 52-552h(a) (WHMC and PLATSCHEK)

115.-123. The Defendants, TYTY, LLC, Pearl Staffing, LLC and Solomon Abramczyk do not respond to Count Eight as it is not directed to said Defendants. To the extent that these allegations are incorporated by referenced against these defendants, these defendants leave the Plaintiff to its proof.

## COUNT NINE-CUFTA CONSTRUCTIVE TRANSFER CONN. GEN. STAT. SECTION 52-552e(a)(1) AND 52-552f (WHMC and PLATSCHEK)

124-132. The Defendants, TYTY, LLC, Pearl Staffing, LLC and Solomon Abramczyk do not respond to Count Nine as it is not directed to said Defendants. To the extent that these allegations are incorporated by referenced against these defendants, these defendants leave the Plaintiff to its proof.

## COUNT TEN-CUFTA CONSTRUCTIVE TRANSFER 11 U.S.C. SECTION 544(b)(1), 550(a) AND 551 AND CONN. GEN. STAT. SECTION 52-552e(a)(1) AND 52-552h(a) (WHMC, PLATSCHEK, TYTY and ABRAMCZYK)

133. The Defendants Pearl Staffing, Inc., TYTY, LLC and Abramczyk incorporate all answers made to the preceding paragraphs as fully re-alleged herein.

134. The Defendants admit that TYTY,LLC received payments as alleged in Paragraph 134. The Defendants specifically denies that said payments were transfers within the meaning of 11 U.S.C. Section 544(b)(1), Section 550(a) and Section 551 and Connecticut General Statues Section 52-552e(a)(1) and Connecticut General Statues Section 52-552h(a).

135. Denied.

136. The Defendant, TYTY, LLC admits to receiving payments for services rendered. The remainder of the allegation is denied by TYTY, LLC. The entire allegation is denied by Defendant, Abramczyk.

137. Denied

138. Denied

139. Denied.

140. The Defendants, Pearl Staffing, Inc. and TYTY, LLC and Abramczyk have insufficient information to respond to said allegations and leave the Plaintiff to its proof.

141. Denied

### COUNT ELEVEN-CUFTA CONSTRUCTIVE TRANSFER CONN. GEN. STAT. SECTION 52-552e(a)(2) AND 52-552f(a) (TYTY and ABRAMCZYK)

142. The Defendants hereby incorporate all answers made to the preceding paragraphs as fully re-alleged herein.

143. The Defendant, TYTY, LLC admits that it received payments within four years of the petition date. The Defendants specifically deny said payments were transferred within the meaning of Connecticut General Statutes Section 52-552e(a)(2) and 52-552f(a).

144. Denied

145. The Defendants, Pearl Staffing, Inc., TYTY, LLC and Abramczyk have insufficient information to respond to the allegations and leave the Plaintiff to its proof.

146. The Defendants, Pearl Staffing, Inc., TYTY, LLC and Abramczyk have insufficient information to respond to the allegations and leave the Plaintiff to its proof.

147. The Defendants, Pearl Staffing, Inc., TYTY, LLC and Abramczyk have insufficient information to respond to the allegations and leave the Plaintiff to its proof.

148. Denied

149. Denied

150. Denied.

### COUNT TWELVE-CUFTA FRAUDULENT TRANSFER 11 U.S. C. Section 544(b)(1), 550(a) and 551, and CONN. GEN. STAT. SECTION 52-552e(a)(1) AND 52-552h(a) (PEARL STAFFING AND ABRAMCZYK)

151. The Defendants Pearl Staffing, Inc., TYTY, LLC and Abramczyk incorporate all answers made to the preceding paragraphs as fully re-alleged herein.

152. The Defendants admit that Pearl Staffing received payments for services rendered, but specifically denies that said payments were transferred within the meaning of 11 U.S.C. Section 544(b)(1), Section 550(a) and Section 551 and Connecticut General Statues Section 52-552e(a)(1) and Connecticut General Statues Section 52-552h(a).

153. Denied.

154. The Defendant, Pearl Staffing, Inc. admits to receiving payments, the remainder of the allegation is denied. The entire allegation is denied by Defendant, Abramczyk.

155. Denied

156. Denied

157. Denied.

158. The Defendants, Pearl Staffing, Inc. and TYTY, LLC and Abramczyk have insufficient information to respond to said allegations and leave the Plaintiff to its proof.

159. Denied

**COUNT THIRTEEN-CUFTA CONSTRUCTIVE FRAUDULENT TRANSFER 11 U.S. C. CONN. GEN. STAT. SECTION 52-552e(a)(2) AND 52-552f(a) (PEARL STAFFING AND ABRAMCZYK)**

160. The Defendants, Pearl Staffing, Inc., TYTY, LLC and Abramczyk hereby incorporate all answers made to the preceding paragraphs as fully re-alleged herein.

161. The Defendant, Pearl Staffing, Inc. admits that it received payments within four years of the petition date. The Defendants specifically deny that said payments were transferred within the meaning of Connecticut General Statutes Section 52-552e(a)(2) and 52-552f(a).

162. Denied

163. The Defendants, Pearl Staffing, Inc., TYTY, LLC and Abramczyk have insufficient information to respond to the allegations and leave the Plaintiff to its proof.

164. The Defendants, Pearl Staffing, Inc., TYTY, LLC and Abramczyk have insufficient information to respond to the allegations and leave the Plaintiff to its proof.

165. The Defendants, Pearl Staffing, Inc., TYTY, LLC and Abramczyk have insufficient information to respond to the allegations and leave the Plaintiff to its proof.

166. Denied

167. Denied

168. Denied

**COUNT FOURTEEN-INTENTIONAL FRAUDULENT TRANSFER 11 U.S. C. CONN. GEN. STAT. SECTION 544(b)(1), 550(a) and 551 CONNECTICUT GENERAL STATUTES SECTION 52-552e(a)(1) AND 52-552h(a) (LANDA)**

169-179. The Defendants, TYTY, LLC, Pearl Staffing, LLC and Solomon Abramczyk do not respond to Count Fourteen as it is not directed to said Defendants. To the extent that these allegations are incorporated by referenced against these defendants, these defendants leave the Plaintiff to its proof.

**COUNT FIFTEEN-CUFTA CONSTRUCTIVE FRAUDULENT TRANSFER CONNECTICUT GENERAL STATUTES SECTION 52-552e(a)(2) AND 52-552f(a) (LANDA)**

180-188. The Defendants, TYTY, LLC, Pearl Staffing, LLC and Solomon Abramczyk do not respond to Count Fifteen as it is not directed to said Defendants. To the extent that these allegations are incorporated by referenced against these defendants, these defendants leave the Plaintiff to its proof.

**COUNT SIXTEEN-BREACH OF FIDUCIARY DUTY-(WYMC, PLATSCHEK, TYTY, PEARL STAFFING AND ABRAMCZYK)**

189. The Defendants, Pearl Staffing, Inc., TYTY, LLC and Abramczyk hereby incorporate all answers made to preceding paragraphs as fully re-alleged herein.

190. The Defendants, Pearl Staffing, Inc. TYTY, LLC and Abramczyk have insufficient information to respond to the allegations contained herein and leave the Plaintiff to its proof.

191. The Defendants, Pearl Staffing, Inc. TYTY, LLC and Abramczyk have insufficient information to respond to the allegations contained herein and leave the Plaintiff to its proof.

192. Denied

193. Denied

194. Denied

195. Denied

196. Denied

197. The Defendants, Pearl Staffing, Inc, TYTY, LLC and Abramczyk have insufficient information to respond to the allegations contained herein and leave the Plaintiff to its proof.

198. Denied.

199. Denied

## COUNT SEVENTEEN-CONVERSION(WHMC, PLATSCHEK, TYTY, PEARL STAFFING, ABRAMCZYK AND LANDA)

200. The Defendants, Pearl Staffing, Inc., TYTY, LLC and Abramczyk have insufficient information to respond to the allegations contained herein as it is not directed to any of said Defendants and therefore leaves the Plaintiff to its proof.

201. Denied

202. Denied

203. The Defendants, Pearl Staffing, Inc., TYTY, LLC and Abramczyk do not have sufficient information to respond to said allegation and leave the Plaintiff to its proof.

204. Denied

## COUNT EIGHTEEN-CIVIL THEFT, CONN. GEN. STAT. SECTION 52-564, 53a-119 (WHMC, PLATSHEK, TYTY, PEARL STAFFING, ABRAMCZYK AND LANDA)

205. The Defendants, Pearl Staffing, Inc, TYTY, LLC and Abramczyk do not respond to said allegations as they are not addressed to said Defendants. As a result, the Defendants leave the Plaintiff to its proof as to these allegations.

206. The Defendants, Pearl Staffing, Inc, TYTY, LLC and Abramczyk do not respond to said allegations as they are not addressed to said Defendants. As a result, the Defendants leave the Plaintiff to its proof as to these allegations.

207. Denied

208. Denied

209. Denied

210. Denied

211. The Defendants, Pearl Staffing, Inc., TYTY, LLC and Abramczyk have insufficient information to respond to said allegations and leave the Plaintiff to its proof.

212. The Defendants, Pearl Staffing, Inc., TYTY, LLC and Abramczyk have insufficient information to respond to said allegations and leave the Plaintiff to its proof.

213. Denied

## COUNT NINETEEN-CIVIL CONSPIRACY (WHMC, PLATSCHEK, TYTY, PEARL STAFFING AND ABRAMCZYK)

214. Denied

215. Denied

216. Denied

## COUNT TWENTY-CUTPA VIOLATION OF C.G.S. SECTION 42-110b(a) (WHMC, PLATSCHEK, TYTY, PEARL STAFFING AND ABRAMCZYK)

217. Denied

218. Denied

219. Denied

220. Denied

221. Denied

222. Denied

## COUNT TWENTY-ONE-UNJUST ENRICHMENT(WHMCAND PLATSCHEK)

223-228. The Defendants, TYTY, LLC, Pearl Staffing, LLC and Solomon Abramczyk do not respond to Count Twenty-One as it is not directed to said Defendants. To the extent that these allegations are incorporated by referenced against these defendants, these defendants leave the Plaintiff to its proof.

## COUNT TWENTY-TWO-UNJUST ENRICHMENT(TYTY, LLC AND ABRAMCZYK)

229. The Defendants herein incorporate all answers made to preceding paragraphs as fully re-alleged herein.

230. Denied

231. Denied

233. Denied

234. Denied.

## COUNT TWENTY-THREE-UNJUST ENRICHMENT(PEARL STAFFING AND ABRAMCZYK)

235. The Defendants hereby incorporate all answers made to preceding paragraphs by reference as fully re-alleged herein.

236. Denied

237. Denied

238. Denied

239. Denied.

240. Denied

## SPECIAL DEFENSES

**FIRST SPECIAL DEFENSE**-The Defendants, Pearl Staffing, Inc. and TYTY, LLC received payment for contemporaneous services performed for the debtor's benefit.

**SECOND SPECIAL DEFENSE**-The Debtor received a reasonable equivalent value in exchange for the payments to the Defendants.

**THIRD SPECIAL DEFENSE**-The Defendants, TYTY, LLC, Pearl Staffing, LLC and Abramczyk are not insiders of the Debtor.

**FOURTH SPECIAL DEFENSE AS TO ABRAMCZYK ONLY**- The Defendant, Abramczyk received no direct benefit from the Debtor.

**FIFTH SPECIAL DEFENSE**-The Defendants, Pearl Staffing, Inc. and TYTY, LLC, each have substantial claims as against the Debtor which should be set off from claims of the Debtor.

**SIXTH SPECIAL DEFENSE**-The allegations in the complaint are barred by the applicable statute of limitations, including without limitation C.G.S. Section 52-584, C.G.S. Section 42-110a et. seq., C.G.S. Section 42-110g and C.G.S. Section 52-552j.

**SEVENTH SPECIAL DEFENSE**-The Defendants accepted any payments (transfers) in good faith and for reasonable equivalent value pursuant to C.G.S. Section 52-552i.

**EIGHTH SPECIAL DEFENSE**-If one or more of the Defendants, Pearl Staffing, Inc., TYTY, LLC and Solomon Abramczyk is found to be an insider of the Debtor, the Defendants who received the transfers gave new value to or for the benefit of the debtor after the transfer was made or said transfers were made in the ordinary course of business or financial affairs of the Debtor.

          DEFENDANTS, TYTY LLC, PEARL
          STAFFING, INC. AND SOLOMIN
          ABRAMCZYK

          BY/s/ Robert C. Lubus, Jr. #308755
              Robert C. Lubus, Jr., Their Attorneys
              Grady & Riley, LLP
              86 Buckingham Street
              Waterbury, CT 06710
              TN 203-575-1131
              FAX 203-754-1675
              rlubus@gradyriley.com

UNITED STATES BANKRUPTCY
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: | : CHAPTER 7 |
|    WALNUT HILL, INC., | : CASE NO. 16-20960(JJT) |
|           DEBTOR | : |

| | |
|---|---|
| BONNIE C. MANGAN, TRUSTEE, | |
|           PLAINTIFF | : ADV. PROCEEDING |
| |   NO. 18-02025 |
| RICHARD PLATSCHEK, SOLOMON ABRAMCZYK, BENJAMIN LANDA, WALNUT HILL MANAGEMENT COMPANY, LLC, TYTY, LLC AND PEARL STAFFING, INC. | : |
|           DEFENDANTS : | AUGUST 29, 2018 |

## CERTIFICATION OF SERVICE

In accordance with the applicable provisions of the Federal Rules of Bankruptcy Procedure 2002 and 7004, the undersigned certifies that on the 29th day of August 2018, the Answers and special defenses were served on all appearing parties via court's electronic filing system, or by first class mail on the parties listed on section 2 below.

**1. Documents Served**

1. Answer and Special Defenses
2. Certification of Service

**2. Parties Served via First Class Mail,**

Plaintiff's Attorneys
Lawrence S. Grossman, Esq.
Hurwitz, Sagarin, Slossberg Knuff, LLC
147 Broad Street
Milford, CT 06460
Tel-203-877-8000
Fax-203-878-9800
LGrossman@hssklaw.com

Joanna M. Kornafel, Esq.
Hurwitz, Sagarin, Slossberg & Knuff, LLC
147 Broad Street
Milford, CT 06460
Tel-203-877-8000
Fax-203-878-9800
LGrossman@hssklaw.com

David C. Shufrin, Esq.
Hurwitz, Sagrain, Slossberg & Knuff, LLC
147 Broad Street
Milford, CT 06460
Tel: 203-877-8000
Dshufrub@hssklaw.com

Attorney for U.S. Trustee
Attorney Holley L. Claiborn
Office of the United States Trustee
The Giaimo Federal Building
150 Court Street, Room 302
New Haven, CT 06510
Tel: 203-773-2210
Fax: 203-773-2217
Holley.lclaiborn@usdoj.gov


Defendants
Benjamin Landa
1137 E 7th Street
Brooklyn, NY 11230

Benjamin Landa
182 Briarwood Xing
Lawrence, NY 11559

Benjamin Landa
20 Franklin Place
Woodmere, NY 11598

Brenton J. Elliott, Esq.
(Attorney for Richard Platschek and Walnut Management Company, LLC)
Jacobi Case & Speranzini, P.C.
57 Plains Road, Suite 2B
Milford, CT 06461
203-874-7110
belliott@jacobicase.com

        DEFENDANTS, TYTY LLC, PEARL
        STAFFING, LLC AND SOLOMIN
        ABRAMCZYK

        BY /s/Robert C. Lubus, Jr.   #308755
          Robert C. Lubus, Jr., Their Attorneys
          Grady & Riley, LLP
          86 Buckingham Street
          Waterbury, CT 06710
          TN: 203-575-1131
          FAX: 203-754-1675
          rlubus@gradyriley.com